```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
------------------------------------------------------------X
JOHN DOE,                                       :
                                                :
                        Plaintiff,              :       Civil Action No:
                                                :
        -against-                               :
                                                :
WASHINGTON AND LEE UNIVERSITY,                  :
                                                :
                        Defendant.              :
------------------------------------------------------------X
```

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff John Doe, ("Plaintiff") by his attorneys, Nesenoff & Miltenberg, LLP, hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the serious nature of the allegations contained in the Complaint, Plaintiff John Doe is justifiably concerned about the possibility of acts of reprisal that could further prevent Plaintiff from proceeding with his college and future endeavors, and inflict further severe physical and/or mental harm. Plaintiff's identity as described in the Complaint, should not be disclosed to the public due to the nature of the allegations in said Complaint and substantial risk of compounding his damages. See Declaration of Kimberly C. Lau ("Lau Decl.") attached to Plaintiff's *Ex Parte* Motion for Leave to File Complaint as Pseudonymous Plaintiff.

Plaintiff is prepared to provide a statement of his true identity under seal, upon the Court's request.

## STATEMENT OF FACTS

1. During the events described in the Complaint, Plaintiff was a student at Defendant Washington and Lee (hereinafter "Defendant W&L" or "W&L") and resided on W&L's campus (hereinafter referred to as the "Campus") in Lexington, Virginia.

2. Plaintiff seeks redress against Defendant W&L due to the actions, omissions, errors, and the flawed procedures, and/or negligence and overall failure to provide Plaintiff with an expected standard of due process concerning the wrongful allegations of sexual misconduct made against John Doe, a male, a motivated and accomplished student at W&L with an otherwise unblemished record. The unfounded allegations were made by fellow W&L student, Jane Doe, a sophomore student at the time.

3. In this case, John Doe, who was intoxicated himself, was punished for having consensual sexual intercourse with a woman who, on her own accord, was intoxicated but "not incapacitated," initiated the sexual intercourse by initiating the "making out," removed her clothes, and had sexual intercourse with him. At least three witnesses observed Jane Doe in the hours, next day and month after the incident and stated that "nothing indicated [] that anything strange had occurred between them," Jane Doe "didn't insinuate that anything was wrong and she made it seem as if it was consensual" and said she had a "good time last night," and "there never seemed to be anything wrong." One month following the incident, Jane Doe sent an upbeat Facebook message to John Doe and also engaged in consensual sexual intercourse *again* with John Doe. Any other evidence introduced at the Hearing to support Jane Doe's narrative that she purportedly realized seven (7) months later that she did not engage in consensual sex on February 8 was improper since (i) it contradicted John Doe's account and other witness statements to the contrary; and (ii) did not appropriately relate to a finding of "consent" under W&L's policies. In finding

John Doe culpable of sexual misconduct, W&L afforded preferential treatment to Jane Doe's evidence on the basis of her female gender and engaged in sex discrimination against John Doe in violation of W&L's policies.

4. During Plaintiff's disciplinary process, W&L's wrongful actions include the following: (i) the lack of evidence that Jane Doe was unable to consent by reason of alcohol-induced incapacitation was so substantial that even *charging* John Doe with sexual misconduct was improper; (ii) W&L failed to provide hearing materials to John Doe with adequate time to prepare his defense; (iii) W&L developed the record of evidence inequitably by affording Jane Doe's evidence more latitude than that from John Doe; (iv) W&L neglected its obligations to provide a trained and competent panel to handle cases of alleged sexual assault and/or allegations of alcohol-induced incapacitation; (v) W&L knowingly employed a panel member with a clear potential conflict of interest; (vi) the Committee Chair dismissed evidence undercutting the credibility of Jane Doe's claims, and refused to allow cross-examination to that end; (vii) the Committee considered materially prejudicial evidence that was irrelevant to the charges against John Doe, which distracted and confused the Committee's decision-making; (viii) the Committee's decision failed to set forth a detailed factual finding for its determination that John Doe was responsible for sexual misconduct, which deprived him of a meaningful right of appeal; (ix) given John Doe's written statement and supporting witness statements, W&L failed to investigate the likelihood that *Jane Doe had committed sexual misconduct* while John Doe was in an alcohol/drug-induced incapacitation, despite its affirmative obligation to respond to all information pertaining to potential instances of sexual misconduct.

5. Notwithstanding a paucity of direct evidence or practical good sense during the investigatory process, Defendant W&L held a hearing on November 20, 2014 ("Hearing") and

found John Doe responsible for "sexual misconduct" in the early morning of February 8, 2014 ("Decision"). As John Doe's sanction, W&L expelled him ("Sanction").

In W&L finding that Plaintiff was guilty of sexual misconduct, Plaintiff was deprived of the most basic due process and equal protection rights and was discriminated against on the basis of his male sex.

As a result of W&L's actions, Plaintiff's entire academic career has been ruined and, without a college education, his overall economic future is completely compromised. John Doe's future career prospects have been put on hold indefinitely.

Without appropriate redress, the unjustified Sanction will continue to cause irreversible damage to Plaintiff.

Revealing Plaintiff's name will further compound his current damages in that his name will be easily searchable and publicly available to future schools or employers.

Plaintiff seeks redress from this Court to undo the wrongs occasioned by W&L on his education and future.

In light of these facts, Plaintiff should be permitted to protect his identity by filing the Complaint under a pseudonym. Plaintiff is prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to Defendant or its attorneys at a later stage in the proceedings.

## ARGUMENT

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, courts allow the use of pseudonyms "[w]here it is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment…." *U.S. v. Doe,* 665 F.2d 920, 922 (9th Cir. 1977) (*citing U.S. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)).

Courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000). This balancing test generally allows plaintiffs to use pseudonyms in three situations: (1) when "identification creates a risk of retaliatory physical or mental harm:" (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature:" and (3) when "the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* Where plaintiffs seek the use of the pseudonyms to shield them from retaliation, the following factors must be considered: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fear; (3) the anonymous party's vulnerability to the retaliation; (4) prejudice to the opposing party; and (5) whether the public's interest would be better served if the parties were identified. *Id.*

Courts have recognized that Doe status is appropriate in cases concerning alleged human rights violations. Although reported decisions have not addressed the pseudonym issue directly, it is clear that the plaintiffs in those cases were permitted to proceed using pseudonyms. *See, e.g., Kadic v. Karadzic,* 70 F.3d 232 (2d Cir. 1995) (two Jane Doe plaintiffs); *Xuncax v. Gramajo,* 886 F. Supp. 162, 170 (D. Mass. 1995) (one Juan Doe plaintiff); *Doe v. Islamic Salvation Front,* 993 F. Supp. 3 (D.D.C. 1998) (all plaintiffs proceeding as Does).

As in those cases, the Court should allow Plaintiff John Doe to employ a pseudonym because he is alleging that they are responsible for his current and future reputation, and physical and mental well-being. As demonstrated above, exposure of his identity will create a risk of additional retaliatory harm to him.

5

The interests of Defendant and/or the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of his identity should the Court require disclosure at a later stage in the proceedings.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff John Doe requests that his Motion to Proceed Under Pseudonym be granted.

**Dated:** Roanoke, VA
December 13, 2014

By: _____
David G. Harrison, Esq.
The Harrison Firm, PC
5305 Medmont Circle, SW
Roanoke, VA 24018-1120
(540) 777-7100
david@harrisonfirm.us

-and-

Andrew T. Miltenberg, Esq.
Kimberly C. Lau, Esq.
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
klau@nmllplaw.com
(*pro hac vice* to be applied for)

*Attorneys for Plaintiff John Doe*