UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
-----------------------------------------------------------X
JOHN DOE,                                        :
                                                 :        Civil Action No:
                        Plaintiff,               :
                                                 :
            -against-                            :
                                                 :
WASHINGTON AND LEE UNIVERSITY,                   :
                                                 :
                        Defendant.               :
-----------------------------------------------------------X

## DECLARATION OF KIMBERLY C. LAU, ESQ.
## IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER
## PSEUDONYM AND FOR PROTECTIVE ORDER

**KIMBERLY C. LAU, ESQ.** hereby declares subject to the penalties of perjury pursuant to 28 U.S. C. § 1746:

1.      I am admitted to practice in the courts of the State of New York and am a member of the Bar of the New York Courts. I am associated with the law firm of Nesenoff & Miltenberg, LLP, attorneys for the plaintiff, John Doe ("Plaintiff").

2.      I submit this declaration in support of Plaintiff's Ex Parte Motion for Leave to File Complaint as Pseudonymous Plaintiff.

3.      In the instant action, Plaintiff seeks redress against Defendant Washington and Lee University ("Defendant W&L" or "W&L") due to the actions, omissions, errors, and the flawed procedures, and/or negligence and overall failure to provide Plaintiff with an expected standard of due process concerning the wrongful allegations of sexual misconduct made against John Doe, a male, a motivated and accomplished student at W&L with an otherwise unblemished record. The unfounded allegations were made by fellow W&L student, Jane Doe, a sophomore student at the time.

4.    Defendant W&L held a hearing on November 20, 2014 ("Hearing") and found John Doe responsible for "sexual misconduct" in the early morning of February 8, 2014 for engaging in sexual intercourse Jane Doe ("Decision").  As John Doe's sanction, W&L expelled him ("Sanction").

5.    In this case, John Doe, who was intoxicated himself, was punished for having consensual sexual intercourse with a woman who, on her own accord, was intoxicated but "not incapacitated," initiated the sexual intercourse by initiating the "making out," removed her clothes, and had sexual intercourse with him.  At least three witnesses observed Jane Doe in the hours, next day and month after the incident and stated that "nothing indicated [] that anything strange had occurred between them," Jane Doe "didn't insinuate that anything was wrong and she made it seem as if it was consensual" and said she had a "good time last night," and "there never seemed to be anything wrong." One month following the incident, Jane Doe sent an upbeat Facebook message to John Doe and also engaged in consensual sexual intercourse *again* with John Doe. Any other evidence introduced at the Hearing to support Jane Doe's narrative that she purportedly realized seven (7) months later that she did not engage in consensual sex on February 8 was improper since (i) it contradicted John Doe's account and other witness statements to the contrary; and (ii) did not appropriately relate to a finding of "consent" under W&L's policies.  In finding John Doe culpable of sexual misconduct, W&L afforded preferential treatment to Jane Doe's evidence on the basis of her female gender and engaged in sex discrimination against John Doe in violation of W&L's policies.

6.    During Plaintiff's disciplinary process, W&L's wrongful actions include the following: (i) the lack of evidence that Jane Doe was unable to consent by reason of alcohol-induced incapacitation was so substantial that even *charging* John Doe with sexual misconduct

2

was improper; (ii) W&L failed to provide hearing materials to John Doe with adequate time to prepare his defense; (iii) W&L developed the record of evidence inequitably by affording Jane Doe's evidence more latitude than that from John Doe; (iv) W&L neglected its obligations to provide a trained and competent panel to handle cases of alleged sexual assault and/or allegations of alcohol-induced incapacitation; (v) W&L knowingly employed a panel member with a clear potential conflict of interest; (vi) the Committee Chair dismissed evidence undercutting the credibility of Jane Doe's claims, and refused to allow cross-examination to that end; (vii) the Committee considered materially prejudicial evidence that was irrelevant to the charges against John Doe, which distracted and confused the Committee's decision-making; (viii) the Committee's decision failed to set forth a detailed factual finding for its determination that John Doe was responsible for sexual misconduct, which deprived him of a meaningful right of appeal; (ix) given John Doe's written statement and supporting witness statements, W&L failed to investigate the likelihood that *Jane Doe had committed sexual misconduct* while John Doe was in an alcohol/drug-induced incapacitation, despite its affirmative obligation to respond to all information pertaining to potential instances of sexual misconduct.

7.    In W&L finding that Plaintiff was guilty of sexual misconduct, Plaintiff was deprived of the most basic due process and equal protection rights and was discriminated against on the basis of his male sex.

8.    Plaintiff's education and future career have been severely damaged. Without appropriate redress, the unfair outcome of the Hearing will continue to cause irreversible damages to John Doe's educational career and future employment prospects, with no end in sight.

3

9. In light of these facts, Plaintiff should be permitted to protect his identity by filing the Complaint under a pseudonym.

**WHEREFORE**, the Court should grant Plaintiff's application in its entirety, and should order such further and other relief as the Court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

**Dated: December 9, 2014**

Kimberly C. Lau