IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

JOHN DOE,
Plaintiff,

v. Case No.: 6:14 – cv00052 - NKM

WASHINGTON AND LEE UNIVERSITY,
Defendant.

**ANSWER**

Defendant, Washington and Lee University, by counsel, for its Answer to the Complaint filed herein, states as follows:

1. Defendant denies the allegations in paragraph 1.

2. Defendant denies the allegations in paragraph 2.

3. Defendant admits that Jane Doe contacted Defendant's Title IX Officer on or about October 13, 2014, and reported non-consensual sexual intercourse with Plaintiff, and stated she was not ready to file a complaint at that time. Defendant denies the remaining allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Paragraph 9 does not require a response.

10. With respect to paragraph 10, Defendant admits only that Plaintiff claims jurisdiction on the bases stated, and reserves the right to challenge jurisdiction at a later time if appropriate.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits that venue is proper in this district, but denies the remaining allegations of paragraph 12.

13. Defendant lacks sufficient information to admit or deny the allegations in paragraph 13.

14. Defendant lacks sufficient information to admit or deny the allegations in paragraph 14.

15. Defendant lacks sufficient information to admit or deny the allegations in paragraph 15.

16. Defendant lacks sufficient information to admit or deny the allegations in paragraph 16.

17. Defendant lacks sufficient information to admit or deny the allegations in paragraph 17.

18. Defendant lacks sufficient information to admit or deny the allegations in paragraph 18.

19. Defendant lacks sufficient information to admit or deny the allegations in paragraph 19.

20. Defendant lacks sufficient information to admit or deny the allegations in paragraph 20.

21. Defendant lacks sufficient information to admit or deny the allegations in paragraph 21.

22. Defendant lacks sufficient information to admit or deny the allegations in paragraph 22.

23. Defendant lacks sufficient information to admit or deny the allegations in paragraph 23.

24. Defendant lacks sufficient information to admit or deny the allegations in paragraph 24.

25. Defendant lacks sufficient information to admit or deny the allegations in paragraph 25.

26. Defendant lacks sufficient information to admit or deny the allegations in paragraph 26.

27. Defendant lacks sufficient information to admit or deny the allegations in paragraph 27.

28. Defendant lacks sufficient information to admit or deny the allegations in paragraph 28.

29. Defendant lacks sufficient information to admit or deny the allegations in paragraph 29.

30. Defendant lacks sufficient information to admit or deny the allegations in paragraph 30.

31. Defendant lacks sufficient information to admit or deny the allegations in paragraph 31.

32. Defendant lacks sufficient information to admit or deny the allegations in paragraph 32.

33. Defendant admits the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant lacks sufficient information to admit or deny the allegations in paragraph 35.

36. Defendant admits the allegations in paragraph 36.

37. Defendant lacks sufficient information to admit or deny the allegations in paragraph 37.

38. Defendant lacks sufficient information to admit or deny when Jane Doe made her decision to move forward, but admits that on October 31, 2014, Jane Doe notified Ms. Kozak that she wished to pursue a sexual misconduct investigation of Plaintiff.

39. Defendant admits the allegations in paragraph 39.

40. Defendant admits that the allegations in paragraph 40 state in part language from Defendant's Interim Sexual Harassment and Misconduct Policy.

41. Defendant denies the allegations in paragraph 41.

42. Defendant admits the allegations in paragraph 42.

43. Defendant admits the allegations in paragraph 43.

44. Defendant admits the allegations in paragraph 44, and further avers that Ms. Kozak is knowledgeable and trained in Defendant's policies and procedures and the relevant state and federal laws related to sexual harassment and misconduct.

45. Defendant denies the allegations in paragraph 45.

46. Defendant admits the allegations in paragraph 46.

47. Defendant denies that Ms. Kozak immediately interviewed Plaintiff on November 3, 2014, about his interaction with Jane Doe on February 8, 2014. Defendant admits that Ms. Kozak did not show Plaintiff a copy of Jane Doe's written complaint, but instead advised Plaintiff as to the nature of the accusation and to what his rights were. Defendant denies Plaintiff's characterization of the November 3 meeting, except that Defendant admits that Ms. Kozak took notes of an interview of Plaintiff when she and Dean Jason Rodocker interviewed him on November 4, 2014 and further that on November 3, 2014 she advised Plaintiff of his responsibility not to contact or retaliate against Jane Doe for making the allegations.

48. Defendant denies the allegations in paragraph 48. In fact, Defendant notes that Plaintiff's right to have a lawyer as counsel during the disciplinary proceedings was expressly stated in Defendant's Interim Sexual Harassment and Misconduct Policy to which Plaintiff was directed, and he, in fact, had legal counsel during the proceedings.

49. Defendant admits the allegations in paragraph 49.

50. Defendant admits that the allegations in paragraph 50 reflect statements from the witness interviews, but denies that those statements are complete, made in context, or accurately reflect the entire body of evidence that was collected during the investigation.

51. Defendant admits that the allegations in paragraph 51 reflect statements from the witness interviews, but denies that those statements are complete, made in context, or accurately reflect the entire body of evidence that was collected during the investigation.

52. Defendant admits that the allegations in paragraph 52 reflect statements from the witness interviews, but denies that those statements are complete, made in context, or accurately reflect the entire body of evidence that was collected during the investigation.

53. Defendant admits the allegations in paragraph 53.

54. With respect to the allegations in paragraph 54, Defendant lacks sufficient information to admit or deny what Plaintiff knew or concluded. Otherwise, Defendant denies the allegations in paragraph 54.

55. Defendant admits the allegations in paragraph 55.

56. Defendant denies that Ms. Kozak did not have contemporaneous notes, and denies that Ms. Kozak was the sole person involved in preparing witness statements.

57. Defendant admits that an investigation report was completed on November 11, 2014, and later amended on November 18, 2014. Defendant denies that the amended investigation report did not include all of Plaintiff's corrections to the original investigation report.

58. Defendant denies the allegations in paragraph 58.

59. Defendant avers that Defendant's Interim Sexual Harassment and Misconduct Policy speaks for itself, and neither admits nor denies that the restatement of those policies in Plaintiff's complaint is complete or accurate.

60. Defendant denies the allegations in paragraph 60.

61. Defendant lacks sufficient information to admit or deny what actually occurred during the encounter between Jane Doe and Plaintiff that was the subject of the investigation. Defendant avers that Defendant's Interim Sexual Harassment and Misconduct Policy speaks for itself.

62. Defendant admits the allegations in paragraph 62.

63. As to the allegations in paragraph 63, the notice speaks for itself. Defendant denies that Plaintiff was prevented from obtaining relevant information in defense of the allegations against him.

64. Defendant admits that a hearing took place on November 20, 2014, before a panel as described in paragraph 64. Defendant denies that the Hearing Panel was in any way biased or motivated by any intent other than to provide Plaintiff a fair and equitable hearing. The remaining allegations of paragraph 64 are denied.

65. Defendant admits that Jane Doe and Plaintiff were separated by a partition at the hearing as required by Defendant's Interim Sexual Harassment and Misconduct Policy. Defendant admits that cross examination of all witnesses was handled by the Hearing Board Chair and the Hearing Panel as required by Defendant's Interim Sexual Harassment and Misconduct Policy. Defendant avers that the parties had the right to "cross-examine" by submitting written questions for consideration of the Panel. Many of Plaintiff's submitted questions were posed to Complainant. Defendant denies that such cross examination was insufficient in any way. Defendant denies any implication that its Interim Sexual Harassment and Misconduct Policy is insufficient or that it was not followed in this matter. The remaining allegations of paragraph 65 are denied.

66. The allegations in paragraph 66 are Plaintiff's characterization of Jane Doe's testimony at the hearing which is intended to cast it in the light most favorable to him. Defendant denies that the characterization of Jane Doe's testimony is accurate. Defendant denies the remaining allegations of paragraph 66.

67. With respect to the allegations in paragraph 67, those allegations focus on a single statement made by Jane Doe. Defendant admits that Jane Doe was adamant that she had communicated to Plaintiff that she did not consent to sexual intercourse with him. The remaining allegations of paragraph 67 are denied.

68. The allegations in paragraph 68 are admitted, but do not represent a complete picture of the evidence before the Hearing Panel. The Hearing Panel also relied on testimony presented at the hearing.

69. Defendant admits that there was no direct testimony of witnesses at the hearing, other than from Plaintiff and Jane Doe. Defendant denies that there were no statements made by witnesses. Defendant denies that the Board simply reviewed summaries of the witness statements, as the actual witness statements were included in the investigation report to the Hearing Board.

70. The allegations of paragraph 70 are argumentative and conclusory and are, therefore, denied.

71. The allegations of paragraph 71 are argumentative and conclusory and Defendant affirmatively avers that the Hearing Panel was sufficiently able to make credibility determinations regarding the witnesses' veracity. Further, all witness statements were subject to Defendant's Honor System, which contains significant negative consequences for false statements.

72. Defendant denies the allegations in paragraph 72. Associate Dean of Students, Jason L. Rodocker, was also involved in all of the interviews and preparing the witness statements.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant admits the allegations in paragraph 75.

76. Defendant admits the allegations in paragraph 76, except denies that no written explanation was given for the decision.

77. Defendant denies the allegations in paragraph 77.

78. Defendant admits the allegations in paragraph 78.

79. The allegations in paragraph 79 are argumentative and self-serving and are, therefore, denied.

80. The allegations in paragraph 80 are argumentative and self-serving and are, therefore, denied.

81. Defendant's Interim Sexual Harassment and Misconduct Policy speaks for itself. Defendant admits that paragraph 81 is extracted from such policy. Defendant denies that it in any way failed to follow its Interim Sexual Harassment and Misconduct Policy.

82. The allegations in paragraph 82 are argumentative and self-serving and are, therefore, denied.

83. Defendant denies the allegations in paragraph 83. Defendant admits that the President of Washington and Lee issued Exhibit E, but denies any connection between that letter and any of the events alleged in this lawsuit.

84. Defendant admits that the letter from the President of Washington and Lee contains the statement quoted in paragraph 84, but denies that that letter has any relevance to the allegations made or issues raised in this lawsuit.

85. Defendant denies the allegations in paragraph 85.

86. Defendant admits that the article in *Rolling Stone* magazine involving the University of Virginia was issued in the same week as Plaintiff's hearing, but denies that that article has any relevance to the allegations made or issues raised in this lawsuit. Defendant denies any failure to provide Plaintiff a fair and equitable process consistent with its policies and procedures.

87. Defendant admits the allegations in paragraph 87.

88. With respect to the allegations in paragraph 88, the Student Handbook procedures speak for themselves. Defendant admits only that the language set forth in paragraph 88 is contained in the Student Handbook.

89. Defendant denies the allegations in paragraph 89.

90. Defendant admits the allegations in paragraph 90, except denies that the hearing board "failed" in any respect to comply with Defendant's Interim Sexual Harassment and Misconduct Policy, denies the argumentative suggestion that the Board of Appeals was a foregone conclusion, and notes that the Board of Appeals decision is attached to the Complaint as Exhibit F, not Exhibit G as alleged by Plaintiff.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant lacks sufficient information to admit or deny the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant incorporates by reference its responses as set forth above.

100. Defendant admits only that paragraph 100 contains a brief quote from the relevant law. Defendant denies that it has in any way violated such law or any other federal law or regulation.

101. The allegations in paragraph 101 are argumentative and reflect Plaintiff's characterization of the law. Defendant denies that it in any way has failed to comply with any applicable federal laws or regulations.

102. Defendant admits the allegations in paragraph 102.

103. Defendant admits only that paragraph 103 contains an excerpt from the relevant regulations, but denies that Defendant failed in any way to follow those regulations.

104. Defendant admits only that paragraph 104 contains an excerpt from the relevant regulations, but denies that Defendant failed in any way to follow those regulations.

105. Defendant admits only that paragraph 105 contains excerpts from the relevant regulations, but denies that Defendant failed in any way to follow those regulations.

106. Defendant admits only that paragraph 106 contains an excerpt from the relevant regulations, but denies that Defendant failed in any way to follow those regulations.

107. Defendant denies the allegations in paragraph 107.

108. Defendant denies the allegations in paragraph 108.

109. Defendant denies the allegations in paragraph 109.

110. Defendant denies the allegations in paragraph 110.

111. Defendant denies the allegations in paragraph 111.

112. Defendant denies the allegations in paragraph 112.

113. Defendant denies the allegations in paragraph 113.

114. Defendant denies the allegations in paragraph 114.

115. Defendant denies the allegations in paragraph 115.

116. Defendant admits that Plaintiff was expelled from Washington and Lee for sexual misconduct, but denies the remaining allegations of paragraph 116.

117. Defendant denies the allegations in paragraph 117.

118. Defendant denies the allegations in paragraph 118.

119. Defendant denies the allegations in paragraph 119.

120. Defendant incorporates by reference its responses as set forth above.

121. Defendant denies the allegations in paragraph 121.

122. Defendant denies the allegations in paragraph 122.

123. The allegations in paragraph 123 are argumentative and self-serving. To the extent not specifically denied above, Defendant denies the allegations in paragraph 123.

124. Defendant admits the allegations in paragraph 124.

125. Defendant denies the allegations in paragraph 125.

126. Defendant denies the allegations in paragraph 126.

127. Defendant denies the allegations in paragraph 127.

128. Defendant denies the allegations in paragraph 128.

129. Defendant denies the allegations in paragraph 129, and further denies that Plaintiff has suffered any injury as a direct and proximate result of Defendant's conduct, actions and inactions.

130. Defendant denies the allegations in paragraph 130.

131. Defendant denies the allegations in paragraph 131.

132. Defendant incorporates by reference its responses as set forth above.

133. Defendant denies the allegations in paragraph 133.

134. Defendant denies the allegations in paragraph 134.

135. Defendant denies the allegations in paragraph 135.

136. Defendant denies the allegations in paragraph 136.

137. Defendant incorporates by reference its responses as set forth above.

138. Defendant denies the allegations in paragraph 138.

139. Defendant denies the allegations in paragraph 139.

140. Defendant denies the allegations in paragraph 140.

141. Defendant denies the allegations in paragraph 141.

142. Defendant denies the allegations in paragraph 142.

143. Defendant denies the allegations in paragraph 143.

144. Defendant incorporates by reference its responses as set forth above.

145. Defendant denies the allegations in paragraph 145.

146. The allegations in paragraph 146 are argumentative and self-serving. To the extent not expressly admitted or denied above, Defendant denies the allegations in paragraph 146.

147. Defendant denies the allegations in paragraph 147.

148. Defendant denies the allegations in paragraph 148.

149. Defendant denies the allegations in paragraph 149.

150. Defendant denies the allegations in paragraph 150.

151. Defendant incorporates by reference its responses as set forth above.

152. Defendant denies the allegations in paragraph 152.

153. Defendant denies the allegations in paragraph 153.

154. Defendant denies the allegations in paragraph 154.

155. Defendant denies that the Plaintiff is entitled to the relief requested.

156. Defendant denies that the Plaintiff is entitled to the relief requested or to any relief.

157. Any allegation not expressly admitted above is hereby denied.

AFFIRMATIVE DEFENSES

158. Count I (paragraphs 99-119) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

159. Count II (paragraphs 120-131) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

160. Plaintiff has failed to mitigate his damages.

161. Neither Defendant's policies nor its Student Handbook create a contract between Plaintiff and Defendant, and such contractual relations are expressly disclaimed in Defendant's Student Handbook.

162. Count III (paragraphs 132-136) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

163. Neither Defendant's policies nor its Student Handbook create a contract between Plaintiff and Defendant, and such contractual relations are expressly disclaimed in Defendant's Student Handbook.

164. Count IV (paragraphs 137-143) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

165. Count V (paragraphs 144-150) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

166. Plaintiff's Complaint is barred by the Economic Loss Rule and the related Source of Duty Rule under Virginia law.

167. Plaintiff's negligence claim is barred by the doctrine of contributory negligence.

168. Count VI (paragraphs 151-155) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

WHEREFORE, Defendant Washington and Lee University, by counsel, does hereby respectfully request that this Court dismiss the Complaint with prejudice, and award it costs and attorneys' fees to the full extent permitted by applicable law.

Respectfully submitted,

WASHINGTON AND LEE UNIVERSITY
By Counsel

Counsel:

R. Craig Wood, VSB #24264
McGuireWoods LLP
300 Fourth Street, N.E., Suite 300
P. O. Box 1288
Charlottesville, VA 22902-1288
Phone: 434-977-2558
Fax: 434-981-2274
cwood@mcguirewoods.com

*Counsel for Defendant Washington and Lee University*

CERTIFICATE OF SERVICE

I hereby certify that on this 12 day of January, 2015, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David G. Harrison, Esq. (VSB # 17590)
The Harrison Firm, PC
5305 Medmont Circle, SW
Roanoke, VA 24018-1120
(540)777-7100
david@harrisfirm.us

and

Andrew T. Miltenberg, Esq. (NYB # 2399582)
Kimberly C. Lau, Esq. (NYB# 4502241)
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, Fifth Floor
New York, NY 10001
(212)736-4500
amiltenberg@nmllplaw.com
klaw@nmllplaw.com

<R. Craig Wood>
R. Craig Wood