IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

JOHN DOE,
                    Plaintiff,

v.                                                    Case No.:  6:14 – cv00052 - NKM

WASHINGTON AND LEE UNIVERSITY,
                    Defendant.

## ANSWER TO AMENDED COMPLAINT

Defendant, Washington and Lee University, by counsel, for its Answer to the Amended

Complaint filed herein, states as follows:

1.  Defendant denies the allegations in paragraph 1.

2.  Defendant denies the allegations in paragraph 2.

3.  Defendant admits that Jane Doe contacted Defendant's Title IX Officer on or

about October 13, 2014, and reported non-consensual sexual intercourse with Plaintiff, and

stated she was not ready to file a complaint at that time. Defendant denies the remaining

allegations in paragraph 3.

4.  Defendant denies the allegations in paragraph 4, except admits that it found

Plaintiff responsible for sexual misconduct and therefore he was expelled.

5.  Defendant denies the allegations in paragraph 5.

6.  Defendant denies the allegations in paragraph 6.

7.  Paragraph 7 does not require a response, but Defendant denies that the Amended

Complaint states a cause of action.

8.  Defendant admits the allegations in paragraph 8.

9.   Defendant admits the allegations in paragraph 9.

10.   Paragraph 10 does not require a response.

11.   With respect to paragraph 11, Defendant admits only that Plaintiff claims jurisdiction on the bases stated, and reserves the right to challenge jurisdiction at a later time if appropriate.

12.   With respect to paragraph 12, Defendant admits only that Plaintiff claims jurisdiction on the bases stated, and reserves the right to challenge jurisdiction at a later time if appropriate.

13.   Defendant admits that the court has personal jurisdiction over Defendant.

14.   Defendant admits that venue is proper in this district, but denies the remaining allegations of paragraph 14.

15.   Defendant lacks sufficient information to admit or deny the allegations in paragraph 15.

16.   Defendant lacks sufficient information to admit or deny the allegations in paragraph 16.

17. Defendant lacks sufficient information to admit or deny the allegations in paragraph 17.

18. Defendant lacks sufficient information to admit or deny the allegations in paragraph 18.

19. Defendant lacks sufficient information to admit or deny the allegations in paragraph 19.

20. Defendant avers as to the allegations in paragraph 20 that the investigative report speaks for itself.

21. Defendant lacks sufficient information to admit or deny the allegations in paragraph 21.

22. Defendant lacks sufficient information to admit or deny the allegations in paragraph 22.

23. Defendant lacks sufficient information to admit or deny the allegations in paragraph 23.

24. Defendant lacks sufficient information to admit or deny the allegations in paragraph 24.

25. Defendant lacks sufficient information to admit or deny the allegations in paragraph 25.

26. Defendant lacks sufficient information to admit or deny the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant lacks sufficient information to admit or deny the allegations in paragraph 28.

29. Defendant lacks sufficient information to admit or deny the allegations in paragraph 29.

30. Defendant lacks sufficient information to admit or deny the allegations in paragraph 30.

31. Defendant lacks sufficient information to admit or deny the allegations in paragraph 31.

32. Defendant lacks sufficient information to admit or deny the allegations in paragraph 32.

33. Defendant lacks sufficient information to admit or deny the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant lacks sufficient information to admit or deny the allegations in paragraph 35.

36. Defendant lacks sufficient information to admit or deny the allegations in paragraph 36.

37. Defendant lacks sufficient information to admit or deny the allegations in paragraph 37.

38. Defendant lacks sufficient information to admit or deny the allegations in paragraph 38.

39. Defendant lacks sufficient information to admit or deny the allegations in paragraph 39.

40. Defendant lacks sufficient information to admit or deny the allegations in paragraph 40.

41. Defendant lacks sufficient information to admit or deny the allegations in paragraph 41.

42. Defendant lacks sufficient information to admit or deny the allegations in paragraph 42.

43. Defendant lacks sufficient information to admit or deny the allegations in paragraph 43.

44. Defendant admits the allegations in paragraph 44.

45. Defendant admits the allegations in paragraph 45.

46. As to paragraph 46, Defendant lacks sufficient information to admit or deny when Jane Doe made her decision to move forward, but admits that on October 31, 2014, she notified Ms. Kozak that she wished to pursue a sexual misconduct charge against Plaintiff.

47. Defendant denies the allegations in paragraph 47.

48. As to paragraph 48, Defendant avers that the article speaks for itself, but denies any connection between the article and the actions of Defendant in this matter.

49. As to paragraph 49, Defendant admits that Jane Doe is a member of SPEAK and that Jane Doe was present for the SPEAK training held on October 5, 2014. Defendant denies that Ms. Kozak presented at the SPEAK training held on October 5, 2014..

50. Defendant denies the allegations in paragraph 50.

51. Defendant admits the allegations in paragraph 51.

52. Defendant admits that the allegations in paragraph 52 state in part language from Defendant's Interim Sexual Harassment and Misconduct Policy.

53. Defendant admits that the allegations in paragraph 53 state in part language from Defendant's Interim Sexual Harassment and Misconduct Policy.

54. Defendant denies the allegations in paragraph 54 except that Ms. Kozak proceeded to do an investigation.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56. In fact, Defendant notes that Plaintiff's right to have a lawyer as counsel during the disciplinary proceedings was expressly stated in Defendant's Interim Sexual Harassment and Misconduct Policy to which Plaintiff was directed, and he, in fact, had legal counsel during the proceedings.

57. Defendant admits that the allegations in paragraph 57 state in part language from Defendant's Interim Sexual Harassment and Misconduct Policy.

58. As to paragraph 58, Defendant admits that Ms. Kozak was a designated investigator, but denies that Ms. Kozak had already reached a determination that Plaintiff had engaged in non-consensual sexual intercourse and further denies that Ms. Kozak held any sex-based animus or bias towards Plaintiff.

59. Defendant admits the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60

61. Defendant admits the allegations in paragraph 61.

62. Defendant admits the allegations in paragraph 62, and further avers that Ms. Kozak is knowledgeable and trained in Defendant's policies and procedures and the relevant state and federal laws related to sexual harassment and misconduct.

63. Defendant admits the allegations in paragraph 63, and further avers that the subject matter of the meeting was necessarily confidential until they could advise Plaintiff of his rights and his responsibilities.

64. As to paragraph 64, Defendant denies that Ms. Kozak immediately interviewed Plaintiff on November 3, 2014, about his interaction with Jane Doe on February 8, 2014. Defendant admits that Ms. Kozak did not show Plaintiff a copy of Jane Doe's written complaint, but instead advised Plaintiff as to the nature of the accusation and to what his rights were. Defendant denies Plaintiff's characterization of the November 3 meeting. Defendant denies the remaining allegations in paragraph 64.

65. Defendant admits the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66. In fact, Defendant notes that Plaintiff's right to have a lawyer as counsel during the disciplinary proceedings was expressly stated in Defendant's Interim Sexual Harassment and Misconduct Policy to which Plaintiff was directed, and he, in fact, had legal counsel during the proceedings.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant admits that Plaintiff agreed to be interviewed and cooperated, but denies the remaining allegations of paragraph 70.

71. Defendant admits the allegations in paragraph 71.

72. Defendant denies the allegation in paragraph 72 that Ms. Kozak was "surprised," but admits that the investigators gave Plaintiff a full opportunity to provide whatever information he thought might be helpful to exonerate him from the charges.

73. Defendant denies that Ms. Kozak's interview of Plaintiff on November 4, 2014 was "quick," but avers he was given every opportunity to provide any information he wished about his interaction with Jane Doe on February 8, 2014 or thereafter. Ms. Kozak advised Plaintiff as to the nature of the accusation and to what his rights were. Defendant admits that Ms. Kozak took notes of that interview and further that she advised Plaintiff of his responsibility not to retaliate against Jane Doe for making the allegations.

74. Defendant admits that Ms. Kozak offered Plaintiff the opportunity to identify witnesses, but denies any inference that the request was rushed, or that he could not have provided additional information at a later time.. In fact, he identified four witnesses, as is alleged in paragraph 74.

75. Defendant admits the allegations in paragraph 75. The two witnesses identified by Plaintiff who were not interviewed had been offered by Plaintiff to confirm their belief that the second sexual encounter with between Plaintiff and Jane Doe had been consensual. Since the facts of the second sexual encounter between Plaintiff and Jane Doe were not in dispute, no confirmation was required.

76. Defendant admits that the allegations in paragraph 76 reflect statements from the witness interviews, but denies that those statements are complete, made in context, or accurately reflect the entire body of evidence that was collected during the investigation.

77. Defendant admits that the allegations in paragraph 77 reflect statements from the witness interviews, but denies that those statements are complete, made in context, or accurately reflect the entire body of evidence that was collected during the investigation.

78. Defendant admits that the allegations in paragraph 78 reflect statements from the witness interviews, but denies that those statements are complete, made in context, or accurately reflect the entire body of evidence that was collected during the investigation.

79. Defendant admits the allegations in paragraph 79.

80. With respect to the allegations in paragraph 80, Defendant admits that a meeting occurred on November 10, 2014, but denies Plaintiff's characterization of that meeting.

81. With respect to the allegations in paragraph 81, Defendant lacks sufficient information to admit or deny what Plaintiff "noticed," knew, or concluded. Otherwise, Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82 except to admit that Plaintiff was told why the two witnesses were not interviewed as stated in Defendant's response to paragraph 75 above.

83. Defendant admits the allegations in paragraph 83.

84. Defendant admits that Plaintiff met with Dean Simpson on or about November 12, 2014, but denies Plaintiff's characterization of that meeting.

85. Defendant admits the allegations in paragraph 85.

86. As to the allegations in paragraph 86, the notice speaks for itself. Defendant denies that Plaintiff was prevented from obtaining relevant information in defense of the allegations.

87. Defendant denies the allegations in paragraph 87.

88. As to the allegations in paragraph 88, Defendant admits Plaintiff met with Dean Simpson on or about November 18, 2014, and that Plaintiff rejected the option to withdraw or transfer. The remaining allegations in paragraph 88 are denied.

89. Defendant denies the allegations in paragraph 89.

90. Defendant avers that Defendant's Interim Sexual Harassment and Misconduct Policy speaks for itself, and neither admits nor denies that the restatement of this policy in Plaintiff's complaint is complete or accurate.

91. Defendant denies the allegations in paragraph 91.

92. As to the allegations in paragraph 92, Defendant can neither admit nor deny what Plaintiff would have done, but denies Plaintiff was denied any legal rights.

93. As to the allegations in paragraph 93, Defendant can neither admit nor deny what Plaintiff would have done, but denies Plaintiff was denied any legal rights.

94. .Defendant admits that there were no written transcripts. Defendant denies that Ms. Kozak did not have contemporaneous notes, and denies that Ms. Kozak was the sole person involved in preparing witness statements

95. Defendant admits that an investigation report was completed on November 11, 2014, and later amended on November 18, 2014. Defendant denies that the amended investigation report did not include all of Plaintiff's corrections to the original investigation report.

96. Defendant denies the allegations in paragraph 96.

97. Defendant avers that Defendant's Interim Sexual Harassment and Misconduct Policy speaks for itself, and neither admits nor denies that the restatement of this policy in Plaintiff's complaint is complete or accurate.

98. Defendant denies the allegations in paragraph 98.

99. Defendant lacks sufficient information to admit or deny what actually occurred during the encounter between Jane Doe and Plaintiff that was the subject of the investigation, and denies that Plaintiff's restatement in paragraph 99 is complete and accurate.

100. Defendant avers that Defendant's Interim Sexual Harassment and Misconduct Policy speaks for itself, and neither admits nor denies that the restatement of this policy in Plaintiff's complaint is complete or accurate. Defendant otherwise denies the allegations in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

102. Defendant denies the allegations in paragraph 102.

103. Defendant admits the allegations in paragraph 103.

104. Defendant admits that a hearing took place on November 20, 2014, before a panel as described in paragraph 104. Defendant denies that the Hearing Panel was in any way biased or motivated by any intent other than to provide Plaintiff a fair and equitable hearing. The remaining allegations of paragraph 104 are denied.

105. Defendant admits that Jane Doe and Plaintiff were separated by a partition at the Hearing as required by Defendant's Interim Sexual Harassment and Misconduct Policy. Defendant admits that cross examination of all witnesses was handled by the Hearing Board Chair and the Hearing Panel as required by Defendant's Interim Sexual Harassment and Misconduct Policy. Defendant avers that the parties had the right to "cross-examine" by submitting written questions for consideration of the Hearing Panel. Many of Plaintiff's submitted questions were posed to Jane Doe. Defendant denies that such cross examination was insufficient in any way. Defendant denies any implication that its Interim Sexual Harassment and Misconduct Policy is insufficient or that it was not followed in this matter. The remaining allegations of paragraph 105 are denied.

106. The allegations in paragraph 106 are Plaintiff's characterization of Jane Doe's testimony at the Hearing which is intended to cast it in the light most favorable to Plaintiff. Defendant denies that this characterization of Jane Doe's testimony is accurate. Defendant further denies the remaining allegations of paragraph 106.

107. With respect to the allegations in paragraph 107, those allegations focus on a single statement made by Jane Doe. Defendant admits that Jane Doe was adamant that she had communicated to Plaintiff that she did not consent to sexual intercourse with him. The remaining allegations of paragraph 107 are denied.

108. The allegations in paragraph 108 are denied.

109. Defendant admits that both Plaintiff and Jane Doe were subject to cross-examination, and further admits that Plaintiff was given repeated opportunities to articulate why he believed he had consent from Jane Doe to have sexual intercourse with her. The remaining allegations of paragraph 109 are denied.

110. Defendant denies that Plaintiff ever argued or averred that he had withheld consent, so his consent was at no time an issue at the Hearing. The remaining allegations of paragraph 110 are denied.

111. The allegations in paragraph 111 are admitted, but do not represent a complete picture of the evidence before the Hearing Panel. The Panel also relied on testimony presented at the Hearing.

112. Defendant admits that there was no direct testimony of witnesses at the Hearing. Defendant denies that there were no statements made by witnesses. Defendant denies that the Hearing Board simply reviewed summaries of the witness statements, as the actual witness statements were included in the report to the Hearing Board.

113. The allegations of paragraph 113 are argumentative and conclusory and are, therefore, denied.

114. The allegations of paragraph 114 are argumentative and conclusory and Defendant affirmatively avers that the Hearing Panel was sufficiently able to make credibility determinations regarding the witnesses' veracity. Further, all witness statements were subject to Defendant's Honor System, which contains significant negative consequences for false statements.

115. Defendant denies the allegations in paragraph 115. Associate Dean of Students, Jason L. Rodocker, was also involved in all of the witness interviews and in preparing the witness statements.

116. Defendant denies the allegations in paragraph 116.

117. Defendant denies the allegations in paragraph 117.

118.  As to paragraph 118, Defendant admits that there were no recordings made of the proceedings, but denies that there were no records made of the proceedings.

119.  Defendant admits that Plaintiff was not permitted to leave the Hearing with parts of the records used at the Hearing.

120.  Defendant admits that Plaintiff was not permitted to leave the Hearing with parts of the records used at the Hearing.

121.  Defendant admits the allegations in paragraph 121, except denies that no written explanation was given for the decision.

122.  Defendant denies the allegations in paragraph 122.

123.  Defendant admits the allegations in paragraph 123.

124.  Defendant admits the allegations in paragraph 124.

125.  The allegations in paragraph 125 are argumentative and self-serving and are, therefore, denied.

126.  The allegations in paragraph 126 are argumentative and self-serving and are, therefore, denied.

127.  Defendant avers that Defendant's Interim Sexual Harassment and Misconduct Policy speaks for itself, and neither admits nor denies that the restatement of this policy in Plaintiff's complaint is complete or accurate.  Defendant denies that it, in any way, failed to follow its Interim Sexual Harassment and Misconduct Policy.

128.  The allegations in paragraph 128 are argumentative and self-serving and are, therefore, denied.

129.  Defendant admits the allegations in paragraph 129.

130.  With respect to the allegations in paragraph 130, Defendant avers that the Student Handbook procedures speak for themselves and neither admits nor denies that the restatement of these procedures in Plaintiff's complaint is complete or accurate.

131.  Defendant denies the allegations in paragraph 131.

132.  Defendant admits the allegations in paragraph 132, except denies that the Appeals Board "failed" in any respect to comply with Defendant's Interim Sexual Harassment and Misconduct Policy.

133.  Defendant admits the allegations in paragraph 133.

134.  Defendant denies the allegations in paragraph 134.  Defendant admits that the President of Washington and Lee University issued Exhibit G, but denies any connection between that letter and any of the events alleged in this lawsuit.

135.  Defendant admits that the letter from the President of Washington and Lee University contains the statement quoted in paragraph 135, but denies that that letter has any relevance to the allegations made or issues raised in this lawsuit.  Paragraph 135 is argumentative, and no inference should be drawn from merely argumentative, self-serving purported conclusions asserted by Plaintiff.

136.  Defendant admits that the letter from the President of Washington and Lee University and the OCR press release on May 1, 2014 quoted in paragraph 136, but denies that that letter or press release have any relevance to the allegations made or issues raised in this lawsuit.

137.  Defendant admits that the article in *Rolling Stone* magazine involving the University of Virginia was issued in the same week as Plaintiff's hearing, but denies that that article has any relevance to the allegations made or issues raised in this lawsuit.  Defendant

denies any failure to provide Plaintiff a fair and equitable process consistent with its policies and procedures.

138. Defendant admits that it released the statement referenced in paragraph 138, but denies that it has any relevance to the allegations made or issues raised in this lawsuit. Defendant made no judgments about the truth or lack thereof of the article, and its community statement was not intended to make such judgments.

139. Defendant denies the allegations in paragraph 139.

140. Defendant denies the allegations in paragraph 140.

141. Defendant denies the allegations in paragraph 141.

142. Defendant denies the allegations in paragraph 142.

143. Defendant lacks sufficient information to admit or deny the allegations in paragraph 143.

144. Defendant denies the allegations in paragraph 144.

145. Defendant lacks sufficient information to admit or deny the allegations in paragraph 145.

146. Defendant admits the meeting referenced was held, but denies Plaintiff's characterization of the meeting and denies that it was intended to deny Plaintiff access to information or witnesses to which Plaintiff was entitled.

147. Defendant denies the allegations in paragraph 147.

148. Defendant incorporates by reference its responses as set forth above.

149. Defendant admits the allegations in paragraph 149. Defendant denies that it has in any way violated Title IX or any other federal or state law or regulation.

150.  Defendant admits that the statement alleged in paragraph 150 is an excerpt from Title IX.  Defendant denies that it has in any way violated Title IX or any other federal or state law or regulation.

151.  Defendant admits only that paragraph 151 contains an excerpt from the relevant regulations, but denies that Defendant failed in any way to follow those regulations.

152.  Defendant admits only that paragraph 152 contains an excerpt from the relevant regulations, but denies that Defendant failed in any way to follow those regulations.

153.  Defendant admits only that paragraph 153 contains excerpts from the relevant regulations, but denies that Defendant failed in any way to follow those regulations.

154.  Defendant admits only that paragraph 154 contains an excerpt from the relevant regulations, but denies that Defendant failed in any way to follow those regulations.

155.  Defendant denies the allegations in paragraph 155.

156.  Defendant denies the allegations in paragraph 156.

157.  Defendant denies the allegations in paragraph 157.

158.  Defendant denies the allegations in paragraph 158.

159.  Defendant denies the allegations in paragraph 159.

160.  Defendant denies the allegations in paragraph 160.

161.  Defendant denies the allegations in paragraph 161.

162.  Defendant denies the allegations in paragraph 162.

163.  Defendant denies the allegations in paragraph 163.

164.  Defendant denies the allegations in paragraph 164.

165.  Defendant denies the allegations in paragraph 165.

166.  Defendant denies the allegations in paragraph 166.

167.  Defendant denies the allegations in paragraph 167.

168.  Defendant denies the allegations in paragraph 168.

169.  Defendant denies the allegations in paragraph 169.

170.  Defendant admits that Plaintiff was expelled from Washington and Lee University for sexual misconduct, but denies the remaining allegations of paragraph 170.

171.  Defendant denies the allegations in paragraph 171.

172.  Defendant denies the allegations in paragraph 172.

173.  Defendant denies the allegations in paragraph 173.

174.  Defendant incorporates by reference its responses as set forth above.

175.  Defendant admits that the statement alleged in paragraph 175 is an excerpt from Title IX.  Defendant denies that it has in any way violated Title IX or any other federal or state law or regulation.

176.  Defendant denies the allegations in paragraph 176.

177.  Defendant denies the allegations in paragraph 177.

178.  Defendant denies the allegations in paragraph 178.

179.  Defendant denies the allegations in paragraph 179.

180.  Defendant denies the allegations in paragraph 180.

181.  Defendant denies the allegations in paragraph 181.

182.  Defendant denies the allegations in paragraph 182.

183.  Defendant denies the allegations in paragraph 183.

184.  Defendant denies the allegations in paragraph 184.

185.  Defendant incorporates by reference its responses as set forth above.

186.  Defendant admits that The Fifth Amendment to the United States Constitution states in part the language alleged, but denies that the Fifth Amendment applies in this context.

187.  Defendant denies the allegations in paragraph 187.

188.  Defendant admits the allegations in paragraph 188.

189.  Defendant denies the allegations in paragraph 189, but admits it is obligated to comply with federal law.

190.  Defendant denies the allegations in paragraph 190.

191.  Defendant admits that the OCR guidance was a factor in how it developed its policies on sexual misconduct, but denies that it was the only factor.

192.  Defendant admits that the OCR guidance was a factor in how it developed its policies on sexual misconduct, but denies that it was the only factor, and denies that it adopted its policies under compulsion from the federal government.  W&L acted like other comparable institutions in developing policies that are fair, equitable, and comply with applicable law.

193.  Defendant can neither admit nor deny whether the federal government acted appropriately or legally in adopting its Guidance documents.

194.   The allegations in paragraph 194 are argumentative and self-serving.  To the extent not specifically denied above, Defendant denies the allegations in paragraph 194.

195.   Defendant denies the allegations in paragraph 195 that the Fifth Amendment applied to Defendant in this context.

196.  Defendant denies the allegations in paragraph 196.

197.  Defendant denies the allegations in paragraph 197.

198.  Defendant denies the allegations in paragraph 198.

199.  Defendant denies the allegations in paragraph 199.

200. Defendant denies the allegations in paragraph 200, and further denies that Plaintiff has suffered any injury as a direct and proximate result of Defendant's conduct, actions, or inactions.

201. Defendant incorporates by reference its responses as set forth above.

202. Defendant denies the allegations in paragraph 202.

203. Defendant admits the allegations in paragraph 203 that it admitted Plaintiff. Defendant neither admits nor denies the conclusory allegation that its tuition is more or less "substantial" or "significant" than comparable institutions. Defendant denies the remaining allegations in paragraph 203.

204. Defendant denies the allegations in paragraph 204.

205. Defendant denies the allegations in the paragraph 205 that there was no reasonable basis for expelling Plaintiff. Defendant lacks sufficient information to admit or deny what actually occurred between Plaintiff and Jane Doe, but denies that Plaintiff's version of the events was the only version presented to the SFHB, and denies that the SFHB lacked sufficient evidence to find that Plaintiff had engaged in nonconsensual sexual intercourse with Jane Doe. Defendant denies the remaining allegations of paragraph 205.

206. Defendant admits that its policies state in part, and do not state in part, the language alleged by Plaintiff in paragraph 206.

207. Defendant denies the allegations in paragraph 207.

208. Defendant denies the allegations in paragraph 208.

209. Defendant denies the allegations in paragraph 209.

210. Defendant denies the allegations in paragraph 210.

211. Defendant denies the allegations in paragraph 211.

212. Defendant denies the allegations in paragraph 212, and denies that Plaintiff has been injured by any conduct, action, or inaction of Defendant.

213. Defendant admits that OCR has made inquiries regarding Defendant's procedures in handling sexual misconduct allegations, but denies any mishandling of those cases.

214. Defendant denies the allegations in paragraph 214.

215. Defendant incorporates by reference its responses as set forth above.

216. Defendant denies the allegations in paragraph 216.

217. Defendant denies the allegations in paragraph 217.

218. Defendant denies the allegations in paragraph 218.

219. Defendant denies that the Plaintiff is entitled to the relief requested.

220. Defendant denies that the Plaintiff is entitled to the relief requested or to any relief.

221. Any allegation not expressly admitted above is hereby denied.

## AFFIRMATIVE DEFENSES

222. Count I (paragraphs 148-173) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

223. Count II (paragraphs 174-184) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

224. Count III (paragraphs 185-200) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

225.   Count IV (paragraphs 201-214) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

226.   Neither Defendant's policies nor its Student Handbook create a contract between Plaintiff and Defendant, and such contractual relations are expressly disclaimed in Defendant's Student Handbook.

227.   Count V (paragraphs 215-219) fails to state a cause of action upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

228.   Plaintiff has failed to mitigate his damages.

WHEREFORE, Defendant Washington and Lee University, by counsel, does hereby respectfully request that this Court dismiss the Amended Complaint with prejudice, and award it costs and attorneys' fees to the full extent permitted by applicable law.

Respectfully submitted,

WASHINGTON AND LEE UNIVERSITY
By Counsel

Counsel:

R. Craig Wood, VSB #24264
McGuireWoods LLP
300 Fourth Street, N.E., Suite 300
P. O. Box 1288
Charlottesville, VA 22902-1288
Phone: 434-977-2558
Fax: 434-981-2274
cwood@mcguirewoods.com

*Counsel for Defendant Washington and Lee University*

<u>CERTIFICATE OF SERVICE</u>

I, R. Craig Wood, certify that on this 7th day of April, 2015, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to Plaintiff by electronically serving his counsel of record, and also by

electronic mail to:

David G. Harrison, Esq. (VSB # 17590)
The Harrison Firm, PC
5305 Medmont Circle, SW
Roanoke, VA 24018-1120
(540)777-7100
david@harrisonfirm.us

G. Robert Gage, Jr., Esq.
New York Bar No. 1901412
Joseph B. Evans
New York Bar No. 5221775
Gage, Spencer & Fleming LLP
410 Park Ave., Ste. 900
New York, NY 10022-9492.
grgage@gagespencer.com
jevans@gagespencer.com

/s/ R. Craig Wood
R. Craig Wood

66009366v2