IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

JOHN DOE,
      Plaintiff,

v.                                    Case No.: 6:14-cv-00052-NKM

WASHINGTON AND LEE UNIVERSITY,
      Defendant.

## DEFENDANT'S MOTION TO QUASH OR FOR PROTECTIVE ORDER

Defendant Washington and Lee University, by counsel, pursuant to F.R.C.P. Rule 26(c), hereby moves this Court to quash Plaintiff's Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action issued to "Jane Doe," or alternatively for a protective order limiting depositions to be conducted by Plaintiff, and in support thereof, states as follows:

    1.    On January 13, 2016, counsel for Defendant received, via electronic mail, a copy of a Notice of Deposition and Subpoena to Testify at a Deposition which counsel for Plaintiff issued to an individual identified pseudonymously in this proceeding as Jane Doe, a copy of which is attached hereto at Exhibit A (the "Jane Doe Subpoena").[1]

    2.    The Jane Doe Subpoena notices the deposition of Jane Doe for January 21, 2016, beginning at 9:30 a.m., at a law office located in Atlanta, Georgia.

    3.    Receipt of this notice was defense counsel's first notification regarding the scheduling of this deposition.

    4.    Plaintiff is currently taking multiple depositions of Defendant's employees/agents in Lexington, Virginia. Upon request of Plaintiff's counsel, defense counsel set aside the entire

---

[1] Identifying information has been redacted from Exhibit A to protect Jane Doe's identity.

1

weeks of January 11 and 18 for that purpose, and has kept those dates available, even though to date no depositions have been scheduled for some of the dates, including January 21.

5. Upon receipt of the Jane Doe Subpoena, defense counsel inquired as to whether it was safe to assume that no depositions would occur in Lexington on January 21, so that counsel could travel to and attend Jane Doe's deposition in Atlanta. Plaintiff's counsel responded, "We anticipate somebody else from our office will cover the deposition in Atlanta," inferring that Plaintiff's counsel currently in Lexington would continue with the depositions in Lexington. Defense counsel responded that he could not be two places at once, and therefore no depositions could occur in Lexington that day.

6. Despite revisiting this issue with Plaintiff's counsel today, January 14, Plaintiff's counsel refuses to commit to scheduling no other depositions on January 21, 2016.

7. One attorney is defending and taking the vast majority if not all of the depositions on behalf of Defendant. The deposition of Jane Doe is critical to this case, and therefore cannot easily be delegated to another attorney who is not as familiar with the case. Furthermore, the additional counsel of record for Defendant who could potentially attend the deposition is not available to travel to Atlanta on the date in question.

8. Defendant does not seek to prevent Plaintiff from taking Jane Doe's deposition. Instead, Defendant asks that the Court take action to prohibit Plaintiff from noticing multiple depositions for the same time period.

9. Defendant has consistently accommodated Plaintiff's counsel's schedule in order to allow Plaintiff to take extensive discovery very late in the game (including consenting to a motion to extend discovery currently pending before the Court, and as set forth above, blocking off two whole weeks of time on short notice and coordinating multiple deponent's schedules).

Sadly, the Plaintiff appears to not be willing to extend any similar courtesy to the Defendant, resulting in the need to bring this issue before the Court.

10. Defense counsel has conferred in good faith with Plaintiff's counsel in an effort to resolve this conflict, without success.

WHEREFORE, Defendant respectfully requests that the Court enter an order quashing the Jane Doe Subpoena or alternatively, a protective order prohibiting Plaintiff from scheduling concurrent depositions without consent of Defendant, and awarding any such other relief as the Court deems appropriate.

Respectfully submitted,

WASHINGTON AND LEE UNIVERSITY

By counsel:

__/s/ Melissa Wolf Riley_____
Robert Craig Wood (VSB #24264)
Melissa Wolf Riley (VSB #43316)
McGuireWoods LLP
Court Square Building
310 Fourth Street, N.E., Suite 300
Charlottesville, VA 22903-1288
434-977-2598 (direct line)
434-980-2275 (fax)
cwood@mcguirewoods.com
mriley@mcguirewoods.com

CERTIFICATE OF SERVICE

I, Melissa Wolf Riley, certify that on this 14th day of January, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff by electronically serving his counsel of record, and also by electronic mail to:

>David G. Harrison, Esq. (VSB # 17590)
>The Harrison Firm, PC
>5305 Medmont Circle, SW
>Roanoke, VA 24018-1120
>(540)777-7100
>david@harrisonfirm.us
>
>G. Robert Gage, Jr., Esq.
>New York Bar No. 1901412
>Joseph B. Evans
>New York Bar No. 5221775
>William B. Fleming
>New York Bar No. 2514651
>Gage, Spencer & Fleming LLP
>410 Park Ave., Ste. 900
>New York, NY 10022-9492.
>grgage@gagespencer.com
>jevans@gagespencer.com

/s/ Melissa Wolf Riley
Melissa Wolf Riley