| | |
|---|---|
| **From:** | Bernard Ozarowski <bozarowski@gagespencer.com> |
| **Sent:** | Wednesday, January 13, 2016 11:24 AM |
| **To:** | Wood, R. Craig |
| **Cc:** | Riley, Melissa Wolf; William Fleming; Robert Gage; David G Harrison (david@harrisonfirm.us) |
| **Subject:** | ▮ Subpoenas |
| **Attachments:** | Notice of Subpoena ▮ 1.13.16.pdf; ▮ Trial Subpoena.pdf |

Craig,

Attached please find copies of the subpoenas we have attempted to serve on ▮▮▮▮ today at what our best efforts indicate to be Ms. ▮▮▮ home address in ▮▮▮▮▮. We have also sent copies to you via first class mail.

Best,
Bernard

Bernard W. Ozarowski, III
Gage Spencer & Fleming LLP
410 Park Avenue
New York, New York 10022
Tel:   (212) 768-4900
Fax:  (212) 768-3629

GS&F
www.gagespencer.com

This message contains confidential and privileged information. Dissemination or duplication of this material is prohibited. If you are not the intended recipient, please notify the sender and delete this email and any attachments thereto from your system. Thank you.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| John Doe,<br><br>    Plaintiff,<br><br>-against-<br><br>Washington and Lee University,<br><br>    Defendant. | **Civil Action No.:**<br>**6:14-cv-0052-NKM**<br><br>**John Doe's Notice of Subpoena to** ▇▇▇▇ |

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff John Doe will serve a subpoena on ▇▇▇▇ seeking documents and deposition testimony by ▇▇▇▇ with respect to the matters described in Schedule A attached to the subpoena. The deposition shall take place on January 21, 2016 at 9:30 A.M. at the offices of Smith, Gambrell & Russell LLP, 1230 Peachtree Street N.E., 31st Floor, Atlanta, Georgia 30309, continuing from day to day until completed, or at such other time on that date or such other location as shall be mutually agreed to by the parties and the deponent. The deposition will be stenographically recorded by a person authorized by law to administer oaths. A copy of the subpoena is attached to this Notice as Exhibit 1.

    /s/    William B. Fleming
William B. Fleming (NY Bar No. 2514651)
Gage Spencer & Fleming LLP 410 Park
Avenue, Suite 900 New York, New York
10022 Tel:    (212) 768-4900
Fax:    (212) 768-3629
wfleming@gagespencer.com

/s/
David G. Harrison (VSB 17590)
The Harrison Firm, PC
5305 Medmont Circle, SW
Roanoke, VA 24018-1120
Tel:     (540) 777-7100
Fax:     (540) 777-7101
david@harrisonfirm.us

*Attorneys for Plaintiff John Doe*

*Certificate of Service*

I certify that a copy of this document was served on all counsel of record by U.S. certified mail, return receipt requested, on January 13, 2016.

/s/ William B. Fleming

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | | |
|---|---|---|
| John Doe | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 6:14-cv-0052-NKM |
| Washington and Lee University | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ▮

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule A

| Place: Smith, Gambrell & Russell LLP<br>1230 Peachtree Street N.E., 31st Floor<br>Atlanta, Georgia 30309 | Date and Time:<br>01/21/2016 9:30 am |
|---|---|

The deposition will be recorded by this method: Stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/13/2016

*CLERK OF COURT*

OR _____

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Doe
_____ ; who issues or requests this subpoena, are:

William B. Fleming, 410 Park Avenue, New York, NY 10003, wfleming@gagespencer.com, (212) 768-4900

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:14-cv-0052-NKM

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A:

### Definitions and Instructions:

For the purposes of this discovery request, the following words and phrases are defined as follows:

A. This subpoena calls for the production of specific documents in the possession, custody or control of Jane Doe including responsive electronic documents and paper documents. This subpoena covers the time period 2014 to the present ("Responsive Time Period") unless otherwise specified.

B. Please produce requested records in electronic form without manipulating or limiting their accessibility or stripping any content, either visible or hidden. Electronic documents are requested to be produced in PDF or Word format, or in native format capable of being opened by Adobe Acrobat XI.

C. "W&L" means Washington and Lee University and all of its employees, staff and agents.

D. "John Doe" means the plaintiff in the above-referenced action.

E. "Parties" means John Doe and W&L.

F. "Jane Doe," "You" or "Your" means the individual who filed a complaint with W&L against John Doe alleging sexual misconduct.

G. "Title IX Assessment" means the initial Title IX assessment described in W&L's Interim Sexual Misconduct Policy,[1] at § IX(B).

---

[1] http://www.wlu.edu/general-counsel/code-of-policies/discrimination-harassment-and-retaliation/interim-university-policy-on-prohibited-discrimination-harassment-and-retaliation-other-than-sex/interim-sexual-harassm-x9664-ml

H. "Hearing" means the hearing conducted after the Investigation into John Doe that ultimately led to John Doe's dismissal.

I. "Appeal" means John Doe's appeal that he filed after W&L made a finding of sexual misconduct which was denied by W&L.

J. "Lawsuit" means the above-referenced action currently active in the Western District of Virginia, No. 6:14-cv-0052-NKM.

K. "*John Doe's Investigation and Dismissal*" means Investigation, Investigative Report, Title IX Assessment, Hearing, Appeal, Lawsuit and all investigatory acts and decisions made in connection with W&L's decision to dismiss John Doe. A reference to "John Doe's Investigation and Dismissal" expressly includes *Documents* and *Communications* before a formal complaint was made against John Doe by Jane Doe and subsequent to the dismissal of John Doe, up to and including the present.

L. "SFHB" means the Student Faculty Hearing Board as defined by W&L's Interim Sexual Harassment and Misconduct Policy, § XI(F).

M. "Person" means the plural as well as the singular and shall include any individual, corporation, partnership, joint venture, association, government agency and every other form of entity cognizable at law.

N. "*Communication*" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), between two or more persons or entities and shall include without limitation, all forms of electronic communication.

O. "*Document*" is defined to be synonymous in meaning and equal in scope to the usage of the term "*Documents* or electronically stored information" in Fed. R. Civ. P.

34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

  P. "Identify" with respect to *Persons* means to give to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

  Q. "Identify" with respect to *Documents* means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the *Documents*, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

  R. "*Concerning*" means relating to, referring to, describing, evidencing or constituting.

  S. "All," "any" and "each" shall each be construed as encompassing any and all.

  T. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  U. The use of the singular form of any word includes the plural and vice versa.

  V. All *Documents* shall be produced as they are kept in the usual course of business or affairs with any identifying labels, file markings or similar identifying features.

*Documents* not maintained in electronic format shall be produced in their original file folders, or, in lieu thereof, any writing on the file folders from which the *Documents* are taken shall be copied and appended to such *Documents*, and the person for whom, or department, division, or office for which such file folders are maintained, shall be identified. If there are no *Documents* responsive to a category specified below, plaintiffs shall so state in a writing produced at the time and place that *Documents* are demanded to be produced by this request.

    W. If any document requested herein has been lost, discarded or destroyed, the document so lost, discarded or destroyed shall be identified in a writing (produced at the time and place that *Documents* are demanded to be produced by this request) as completely as possible, together with the following information: date of disposal, person authorizing the disposal and person disposing of the *Documents*.

    X. If you object to any request, answer all portions of the request to which your objection does not relate; and state your objection and the reasons therefor as to the portion to which you object.

    Y. This subpoena does not call for the production of any *Documents* protected by a valid claim of privilege, although any responsive document over which privilege is being asserted must be preserved. Any *Documents* withheld on grounds of privilege must be identified on a privilege log with descriptions sufficient to identify their dates, authors, recipients, and general subject matter.

*Requests:*

1. All *Documents* and *Communications Concerning* John Doe.

2. All *Documents* and *Communications Concerning* meetings between You, Lauren Kozak, Jason Rodocker and/or any other member of the W&L faculty *Concerning John Doe's Investigation and Dismissal*. To the extent not evident from the produced *Documents* and *Communications* please also include the dates of the meetings.

3. All *Documents* and *Communications* with any witnesses or potential witnesses *Concerning* John Doe and/or *John Doe's Investigation and Dismissal*.

4. All *Documents* and *Communications Concerning* the *Hearing* including, but not limited to, notes research and any other thing You did to prepare for the *Hearing*.

5. All *Documents* provided to You during *John Doe's Investigation and Dismissal Concerning* the backgrounds of the possible members of the SFHB.

6. All *Documents* and *Communications Concerning* any discussion or presentation, formal or informal, *Concerning* sexual misconduct, gender bias or Title IX, made either before, during, or after (1) an October 5, 2014 SPEAK presentation on W&L's campus; and (2) an October 7, 2014 SPEAK presentation.

7. All *Documents* and *Communications Concerning* any instructions *Concerning* confidentiality or contact with potential witnesses.

8. All *Documents* and *Communications*, including social media,[2] blog postings and any other writing *Concerning* John Doe, the allegations against John Doe,

---

[2] This includes, but is not limited to, Google+, Facebook, Twitter, Instagram, Meetup.com, Orkut, Snapchat, Whatsapp, Flickr, Gather.com, Tumblr, Windows Live Spaces, MSN Spaces, LinkedIn, Monster.com, CareerBuilder.com, groupme.com, blogs, or wikis.

W&L's handing of the sexual allegations against John Doe, SPEAK, sexual misconduct generally, rape and/or "grey rape."

        9.     All *Documents* and *Communications* directly or indirectly *Concerning* John Doe which you have published, posted or commented on "The Facing Project."[3]

        10.    All *Documents* and *Communication Concerning* Your retention of documents *Concerning John Doe's Investigation and Dismissal*.

Dated:     January 13, 2016

/s/     William B. Fleming
William B. Fleming (NY Bar No. 2514651)
Gage Spencer & Fleming LLP 410 Park Avenue, Suite 900 New York, New York 10022 Tel:    (212) 768-4900
Fax:   (212) 768-3629
wfleming@gagespencer.com

/s/
David G. Harrison, Esquire (VSB #17590)
The Harrison Firm, P.C.
5305 Medmont Circle
Roanoke, Virginia 24018-1120
(540) 777-7100
david@harrisonfirm.us

*Attorneys for Plaintiff John Doe*

---

[3] http://www.facingproject.com/

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| John Doe | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 6:14-cv-0052-NKM |
| Washington and Lee University | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: ███

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court<br>1101 Court Street<br>Lynchburg, Virginia 24504 | Courtroom No.: Courtroom of U.S.D.J. Moon |
|---|---|
| | Date and Time: 04/22/2016 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/13/2016

*CLERK OF COURT*

_____  OR  _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Doe , who issues or requests this subpoena, are:

William B. Fleming, 410 Park Avenue, New York, NY 10003, wfleming@gagespencer.com, (212) 768-4900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 6:14-cv-0052-NKM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).